RUSSELL et al. v. PALMER.

(Court of Civil Appeals of Texas. Ft. Worth. March 9, 1912. Rehearing Denied April 6, 1912.)

1. FRAUD (§ 36*)—REPRESENTATIONS—RIGHT TO RELIEF.

Though a person who traded land for notes, upon representations of the holders that such notes were good and well secured by the vendor's lien on real estate sold, conveyed the notes to another before he had knowledge of their worthless character, he is not thereby precluded from bringing deceit for false representations.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 31, 32; Dec. Dig. § 36.*]

2. FRAUD (§ 49*)—ISSUES, PROOF, AND VARIANCE.

Where, in an action for deceit in inducing a sale of land for worthless notes, plaintiff's petition alleged that he received nothing of value, when he resold the notes, he was properly permitted to show that he received a conveyance of land for the notes, to which the grantor had no title.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 44, 45; Dec. Dig. § 49.*]

Appeal from District Court, Comanche County; J. H. Arnold, Judge.

Action by G. A. Palmer against T. A. Russell and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Callaway & Callaway, of Comanche, for appellants. J. H. McMillan and L. V. Reid, both of Comanche, for appellee.

SPEER, J. This suit was brought by G. A. Palmer in the district court of Comanche county to recover from T. A. Russell, John Russell, and D. H. McDaniel in an action for deceit, whereby the plaintiff was induced to part with the title and possession of a house and lot and certain personal property, valued at $850, upon the false representations that two notes in the sum of $1,000 and $500, respectively, which he accepted in satisfaction of said property, were good and well secured by the vendor's lien on valuable real estate.

[1] The principal defense is presented by the assignment complaining of the court's refusal to give the following special charge: "I charge you that if you find from the evidence that the defendants T. A. and J. H. Russell, or either of them, traded the $1,000 and $500 notes in controversy to plaintiff, and if you further find from the evidence that the said notes were worthless, and that the said defendants, or either of them, knew that they were worthless at the time they traded them to plaintiff, if they did trade them to him, and knowing this fraudulently represented to the said plaintiff that the said notes were good; still, if you further find that the plaintiff, before he found out that said notes were worthless, or that any fraud had been perpetrated upon him, sold and conveyed the said notes, believing them to be worth what he thought they were when he received them, and if you should find from the evidence that he did so trade them, then you will find for the defendant, and so say by your verdict." If the requested charge states a correct principle of law, then the trial court should have instructed a verdict for the appellants, since the facts stated therein, in respect to the resale of the notes, were indisputably proved. Indeed, the court might have sustained a general demurrer, for the petition alleged such resale of the notes at a time when appellee had not learned of their worthlessness. Appellants have not cited us to any authorities supporting their contention that appellee could not recover damages for the deceit practiced on him, if, perchance, he had parted with the worthless notes before he discovered he had been defrauded. Indeed, to our minds, a statement of the proposition is a sufficient answer to its soundness. If appellee was defrauded out of his property by the false representations of appellants as to the value of the notes given to him in exchange for it, he suffered precisely the same damage, whether he knew at the time of the fraud or not, and whether he forever remained in ignorance, or afterward ascertained the truth. Of course, if the notes were worthless he received nothing for his property; and this fact cannot be affected by a knowledge or want of knowledge that he had been defrauded. The only semblance of reason for appellants' proposition is that, by a resale of the notes, appellee has received their full value, and therefore has not been damaged. He alleges, however, and the proof supports such allegation, that in truth he received nothing of value when he parted with the notes. It seems he was again defrauded into accepting for said notes a conveyance of a piece of land to which the grantor had no title whatever. It does not lie with appellants to say appellee should not recover from them the value of property fraudulently obtained from him by them, merely because appellee had disposed of the worthless notes under the mistaken belief they were of value, especially when it is shown that he actually received nothing for them.

[2] There was no error in permitting appellee to testify that he received nothing on his resale of the notes obtained from appellants, especially as against the objections that the same was not pleaded. The petition did contain an allegation that appellee received nothing of value for such notes. In truth, it may be immaterial, as matter of law, whether appellee received much or little for the notes, as his rights against appellants were fixed when the transaction by which he became the owner of the notes was completed, and not by his success or ill success in reselling them to another.

We find no error in the judgment; and it is affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes